UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


CASE NO.: 1:16cv25077

GENEVIEVE FIGUEROA,

      Plaintiff,

v.

JEFFERSON CAPITAL SYSTEMS, LLC,

      Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

      Plaintiff GENEVIEVE FIGUEROA ("Plaintiff"), by and through undersigned counsel, seeks redress for the illegal practices of Defendant JEFFERSON CAPITAL SYSTEMS, LLC ("Defendant"), to wit, for Defendant's violations of 15 U.S.C §1692, the Fair Debt Collection Practices Act, and Florida Statute § 559.551, the Florida Consumer Collection Practices Act, and in support thereof, Plaintiff states the following:

**NATURE OF ACTION**

*I.    THE FAIR DEBT COLLECTION PRACTICES ACT*

      1.    The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2.      In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3.      The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.      Section 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The six subsections of § 1692d set forth a non-exhaustive list of practices that fall within this ban. 15 U.S.C. § 1692d.

5.      Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, of which includes:

> (2) The false representation of [] (A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation

which may be lawfully received by any debt collector for the
collection of a debt.

…

(10) The use of any false representation or deceptive means to
collect or attempt to collect any debt or to obtain information
concerning a consumer.

15 U.S.C. § 1692e.

6.      Section 1692f of the FDCPA states "[a] debt collector may not use unfair or

unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. *See* LeBlanc

v. Unifund CCR Partners, 601 F.3d 1185, 1200 (11th Cir. 2010) ("[a]n act or practice is deceptive

or unfair if it has the tendency or capacity to deceive."). The eight subsections of § 1692f set forth

a non-exhaustive list of practices that fall within this ban, including, but not limited to:

> (1) The collection of any amount (including any interest, fee, charge,
> or expense incidental to the principal obligation) unless such amount
> is expressly authorized by the agreement creating the debt or
> permitted by law.
>
> …
>
> (8) Using any language or symbol, other than the debt collector's
> address, on any envelope when communicating with a consumer by
> use of the mails or by telegram, except that a debt collector may use
> his business name if such name does not indicate that he is in the
> debt collection business.

15 U.S.C. § 1692f.

7.      Section 1692g of the FDCPA requires debt collectors to make certain disclosures,

and/or provide consumers with certain information, depending on the circumstances. The rights

and obligations established by section 1692g were considered by the Senate to be a "significant

feature" of the Act. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4. In particular, § 1692g mandates,

inter alia, that:

> Within five days after the initial communication with a consumer in
> connection with the collection of any debt, a debt collector shall,
> unless the following information is contained in the initial

communication or the consumer has paid the debt, send the consumer a written notice containing --

> (1) the amount of the debt;

> (2) the name of the creditor to whom the debt is owed;

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g.

## II.   *THE FLORIDA CONSUMER COLLECTION PRACTICES ACT*

8.      The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the

FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

9.      Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

10.      The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

11.      Furthermore, in situations involving an assigned consumer debt, the FCCPA requires specialized notice above-and-beyond that required by the FDCPA, whereby such notice must precede any debt collection activates. *See* Fla. Sta. § 559.715 ("the assignee must give the debtor written notice of such assignment as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt." (emphasis added)).

12.     As set forth in more detail below, Defendant violated the aforementioned portions the FDCPA and FCCPA. Plaintiff now seeks damages and/or injunctive relief for the same.

## CONSOLIDATED ACTION

13.     As set forth in more detail below, Defendant, by and through three collection letters, sought to collect three independent consumer debts from Plaintiff.  In doing so, Defendant violated the aforementioned provisions of the FDCPA and FCCPA with respect to each of the consumer debts. Thus, Plaintiff is entitled to bring three separate lawsuits against Defendant for each of the respective consumer debts. Yet, because the FDCPA and FCCPA violations committed by Defendant are identical in nature and type, the three separate lawsuits which Plaintiff *could* file against Defendant is being consolidated in this single action.

## JURISDICTION AND VENUE

14.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C §1337.

15.     Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. § 1367.

16.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

17.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Miami-Dade County, Florida.

18.     Defendant is a Georgia corporation, with its principal place of business located in Saint Cloud, Minnesota.

19.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

20.     At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

21.     At all times material hereto, Defendant has been a corporation subject to the FCCPA. *See*, *e.g.,* Cook v. Blazer Fin. Services, Inc., 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

22.     The debts at issue (the "Consumer Debts") are a financial obligation Plaintiff incurred primarily for personal, family, or household purposes. In particular, each of the Consumer Debts represent a separate educational loan Plaintiff undertook for the benefit of her family and household.

23.     The Consumer Debts are a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(5); Fla. Stat. § 559.55(6).

24.     The Consumer Debts at issue are as follows: (1) account number 0107 (last four), in the amount of $19,439.54 ("Consumer Debt 0107"); (2) account number 0109 (last four), in the amount of $16,408.89 ("Consumer Debt 0109"); and (3) account number 0111 (last four), in the amount of $11,744.09 ("Consumer Debt 0111").

25.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

26.     Defendant is a "debt collector" as defined by the FDCPA and FCCPA. *See* 15 U.S.C §1692a(6); Fla. Stat. § 559.55(7).

27.     On a date better known by Defendant, Defendant began attempting collect the Consumer Debts from Plaintiff.

28.     On or about September 22, 2016, Defendant mailed a collection letter to Plaintiff in an attempt to collect Consumer Debt 0107. A copy of this collection letter ("Collection Letter 0107") is attached hereto as Exhibit "A."

29.     On or about September 22, 2016, Defendant mailed a collection letter to Plaintiff in an attempt to collect Consumer Debt 0109. A copy of this collection letter ("Collection Letter 0109") is attached hereto as Exhibit "B."

30.     On or about September 22, 2016, Defendant mailed a collection letter to Plaintiff in an attempt to collect Consumer Debt 0111. A copy of this collection letter ("Collection Letter 0111") is attached hereto as Exhibit "C."

31.     In each of the Collection Letters, Defendant states, *in part*, "[p]lease allow this letter to introduce Jefferson Capital Systems, LLC as the new owner, current creditor and debt collector of your above-referenced debt." *See* Collection Letter.

32.     In a format that is substantively identical to that set forth below, each of the Collection Letters presented a table with following information:

**Your Account Summary**

| | |
|---|---|
| Debt Description: | Slm Education Credit Finance Corporation |
| Original Acct. No. Ending In: | [unique to each letter] |
| Last Date Paid: | 05/15/2013 |
| Current Creditor: | Jefferson Capital Systems, LLC |
| Our File No: | [unique to each letter] |
| Amount of the Debt: | [unique to each letter] |

*See* Collection Letter.

33.     At all times relevant, with respect to each Consumer Debt, "Slm Education Credit Finance Corporation" was not the original creditor.

34.     The Collection Letter constitutes "collection activity" within the meaning of § 559.715 of the FCCPA.

35.     Plaintiff did not receive any written notice of assignment of the Consumer Debts at least thirty (30) days before collection activity of the Consumer Debt began.

36.     Plaintiff defaulted on the each of Consumer Debt more than five years ago, and Plaintiff has made no payment on or toward any of the Consumer Debts since defaulting.

37.     In as much as it represents the most recent payment made by Plaintiff towards any of the Consumer Debts, the "Last Date Paid" depicted in each letter," to wit, "05/15/2013," is false.

38.     Legal action against Plaintiff to collect each of the Consumer Debts is time-barred because Plaintiff defaulted on each of the debts more than five years ago; however, a partial payment toward the debt by Plaintiff has the ability to revive the applicable statute of limitations. *See* Fla. Stat. § 95.11(2); <u>Jacksonville Am. Pub. Co. v. Jacksonville Paper Co.</u>, 197 So. 672, 677 (1940) (partial payment made towards a time barred debt "… amounts to a voluntary acknowledgement of the existence of the debt from which the law implies a new promise to pay the balance").

39.     Each collection letter sought payment for the letter's respective debt, whereby the purpose of each collection letter was to request payment from Plaintiff for the Consumer Debt depicted in such letter.

40.     The Collection Letters did not advise Plaintiff that the debt at issue was time-barred or that making a partial payment would revive the statute of limitations.

41.     The Collection Letters did not advise Plaintiff that Defendant could sue Plaintiff for the respective debt if Plaintiff made a payment toward the said debt.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

## VIOLATION OF THE FDCPA AND FCCPA

### I.      *RELATIONSHIP BETWEEN THE FDCPA & FCCPA*

42.      In Florida, consumer debt collection practices are regulated by both the FCCPA and the FDCPA. "Both acts generally apply to the same types of conduct, and Florida courts must give great weight to federal interpretations of the FDCPA when interpreting and applying the FDCPA." Read v. MFP, Inc., 85 So.3d 1151, 1153 (Fla. 2nd DCA 2012). "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." (internal quotations omitted). Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006). Congress was concerned that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. at 453 (quoting 15 U.S.C. § 1692(a). Because the FDCPA is a remedial statute, "we construe its language broadly, as to affect its purpose." Id. The FDCPA restricts the time and places a debt collector may contact a consumer and limits third party contacts. These restrictions, along with others, protect the consumer's right to privacy and the security of the consumer's relationship with third parties, including attorneys, co-workers, and employers. This was considered an "extremely important protection." S. Rep. No. 382, 95th Cong., 1st Sess. 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.

43.      Notably, "[t]he FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." Id. at 1316. Similarly, the FCCPA "is to be construed in a manner that is protective of the consumer." Laughlin v. Household Bank, LTD., 969 So.2d 509, 513 (Fla. 1st DCA 2007). In fact, the FCCPA "further defined and protected

an individual's right of privacy" in addition to the protections of the FDCPA. Id. at 512. Importantly, the FCCPA is "in addition to the requirements and regulations of the [FDCPA]. In the event of any inconsistency between any provision of [the FCCPA] and the [FDCPA], the provision which is more protective of the consumer or debtor shall prevail. Fla. Stat. § 559.552. Finally, in ultimately asserting a consumer's civil remedies under the FCCPA, "due consideration and great weight shall be given to the interpretations of… federal counts related to the [FDCPA]." Fla. Stat., § 559.77(5).

## II.      THE LEAST SOPHISTICATED CONSUMER STANDARD

44.     The Eleventh Circuit has adopted the "least sophisticated consumer" standard in reviewing alleged violations of the FDCPA. *See* Beeders v. Gulf Coast Collection Bureau, 796 F.Supp.2d 1335, 1338; Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985). The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010). "A court applies this objective standard… to protect consumers against deceptive debt collection practices and to protect debt collectors from unreasonable constructions of their communications." Green v. Douglas, Knight & Assocs. (In re Cheaves), 439 B.R. 220 (Bankr. M.D. Fla. 2010). Several courts have applied this standard when analyzing certain claims under the FCCPA. *See* Palm Coast Recovery Corp. v. McGinness, Case No. 08-40-CC, 17 Fla. L. Weekly Supp. 286a (Fla. 2nd Cir. Ct. 2009) (wherein the court interpreted the FCCPA in conjunction with case law requiring an objective least-sophisticated standard and stated that "it would appear to this court that the intent of the [FCCPA] is to assist an unsophisticated debtor/defendant in any attempt to pay on a consumer debt"); Green, 439 B.R. 220 (discussing the similar goals of the FCCPA and FDCPA

and applying the least-sophisticated consumer standard to determine whether a collection letter violated the FCCPA).

## III.    ESTABLISHING A CLAIM FOR FDCPA AND/OR FCCPA VIOLATIONS

45.     The FDCPA and FCCPA "have certain parallels, as both relate to consumer protection against creditors, and include nearly identical definitions of 'communication,' 'debt,' and 'debt collector.'" Kinlock v. Wells Fargo Bank, N.A., 636 Fed. Appx. 785, 787 (11th Cir. 2016) (citations omitted). Thus, to establish a claim under the FDCPA and FCCPA are largely the same.

46.     To establish a claim under the FDCPA, the plaintiff must show: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

47.     Unsurprisingly, "[t]he elements necessary to plead a claim under the FCCPA are similar but distinguishable from the elements of establishing a claim under the FDCPA." Deutsche Bank Nat. Trust Co. v. Foxx, 971 F. Supp. 2d 1106, 1114 (M.D. Fla. 2013). "The first prong is substantially identical to the FDCPA, as the FCCPA only applies to consumer debt [and] [t]he second prong [only] differs from the FDCPA in that the FCCPA prohibits acts of 'persons' and, accordingly, is not limited to 'debt collectors.'" Bacelli v. MFP, Inc., 729 F.Supp.2d 1328, 1335 (M.D.Fla.2010). "The third prong requires an act or omission prohibited by the FCCPA. In addition to these elements, several subsections of § 559.72 require an allegation of knowledge or intent by the defendant in order to state a cause of action." Foxx, 971 F. Supp. 2d 1106, 1114 (citing Reese v. JPMorgan Chase & Co., 686 F.Supp.2d 1291, 1309 (S.D.Fla.2009) ("To plead a FCCPA claim, a party must allege knowledge or intent by the debt collector in order to state a cause of action.")).

## COUNT I.
## <u>VIOLATION OF THE FDCPA</u>

48.     Plaintiff incorporates by reference paragraphs 22-47 of this Complaint as though fully stated herein.

49.     In light of the forgoing, Defendant violated the FDCPA, to wit:

(a)      Section 1692f(8) by using any symbol, other than the debt collector's address, on any envelope when communicating with Plaintiff by use of the mails or by telegram. Defendant, by and through separate collection letters sought to collect each of the Consumer Debts. In short, the envelope used to mail each of the Collection Letters displayed a Quick Response ("QR") code through the transparent window of the envelope. Such QR code is located on the upper-left portion of each letter. Under the same facts as the instant case (differing only by the fact that, the instant case involves a QR code) the court in <u>Palmer v. Credit Collection Servs</u>. explicitly articulates why Defendant violated the FDCPA by displaying bar code through the transparent window of the envelope which contained the Collection Letter:

> [Section] 1692f(8) [of the FDCPA] … forbids the debt collector from "[u]sing any language or symbol" on the envelope sent to a consumer to collect a debt. The bar code, of course, is a symbol. Thus, it is undeniable that §1692f(8) forbids the appearance of the bar code through the transparent window of the envelope sent to the debtor. We must apply the statute as written unless, as our Court of Appeals directs, the result would be absurd. *See* Id. at 302-03. An oft-cited example of absurdity in this context would be to read the statute to disallow the debt collector from affixing a stamp to the envelope. *See* Id. at 303.
>
> Congress, for example, could have described or attempted to describe in §1692f(8) what specific language or symbols would or would not have been inimical to the purposes of the

FDCPA. Instead, Congress decided to impose a blanket prohibition against any language or symbol on the envelope except for the return address of the debt collector and its name "if such name does not indicate that [it] is in the debt collection business." *See* §1692f(8). This approach provides certainty to debt collectors and avoids the problem of having to decide on a case by case basis what language or symbols intrude into the privacy of the debtor or otherwise constitute "an unfair or unconscionable means to collect or attempt to collect a debt." *See* § 1692f. Congress wrote into the law a bright-line rule with respect to markings on envelopes sent to debtors and authorized the award of damages to debtors if debt collectors violate the plain language of §1692f(8).

We cannot say that what Congress has done leads to an absurd result in this case. The bar code in issue is designed to apply specifically to the plaintiff and relates to the debt she allegedly owes. Contrary to the focus of the parties' arguments, it is irrelevant whether the bar code, when scanned, reveals a scrambled or unscrambled number. Again, §1692f(8) plainly forbids bar codes of any kind.

160 F. Supp. 3d 819, 822-23 (E.D. Pa. 2015).

(b)   Section 1692e(2)(A) by, in light of the least sophisticated consumer standard, falsely representing the character, amount, and/or legal status of the Consumer Debt. In particular, Defendant failed to inform Plaintiff that the each of the Consumer Debts were *absolutely* time-barred (i.e., not legally enforceable), and more critically, failed to disclose the impact of making a payment, to wit, that making a payment would revive the statute of limitations of the Consumer Debts, thus making each debt legally enforceable. *See* Daugherty v. Convergent Outsourcing, Inc., 836 F.3d 507 (5th Cir. 2016) (holding that a collection letter seeking payment on time-barred debt, without adequately inform the consumer of the debt's unenforceability, as well as that making a payment would make the debt

legally enforceable, constitutes a violation of the FDCPA); <u>McMahon v. LVNV Funding, L.L.C.,</u>744 F.3d 1010, 1020 (7th Cir. 2014) ("The proposition that a debt collector violates the FDCPA when it misleads an unsophisticated consumer to believe a time-barred debt is legally enforceable, regardless of whether litigation is threatened, is straightforward under the statute. Section 1692e(2)(A) specifically prohibits the false representation of the character or legal status of any debt. Whether a debt is legally enforceable is a central fact about the character and legal status of that debt. Matters may be even worse if the debt collector adds a threat of litigation, *See* 15 U.S.C. § 1692e(5), but such a threat is not a necessary element of a claim."); <u>Palmer v. Dynamic Recovery Sols., LLC,</u> 2016 WL 2348704, at *4 (M.D. Fla. May 4, 2016) ("Whether a debt is barred by an applicable statute of limitations is fundamental to the debt's character and legal status" and, as such, "[t]he failure to disclose that a debt is barred by the statute of limitations would likely mislead the least sophisticated consumer as to the character or legal status of his or her debt, thus violating § 1692e(2)(A).").

(c)     Section 1692e(10) by utilizing false representations and/or deceptive means in an attempt to collect each of the Consumer Debts and/or obtain information concerning Plaintiff. Defendant, by and through each Collection Letters, committed two violations of § 1692e(10), of which are as follows:

(1)    Defendant portrays "Slm Education Credit Finance Corporation" ("SLM") as being the original creditor of each debt when, in fact, SLM is *not* the original creditor of *any* of the underlying debts. More critically, however, Defendant's false representations causes the least sophisticated consumer to mistakenly believe SLM is the original creditor of each debt; and

(2)    Defendant *falsely* represents May 15, 2013, as being the date of the last payment made towards *each* of the separate consumer debts. As a result of Defendant's misrepresentation, the least sophisticated consumer is wrongfully lead to believe two falsehoods – First, that on or about May 15, 2013, a payment was made on each of the consumer debts – and second, that the underlying debts may be sued upon for collection.

*See* Melillo v. Shendell & Assocs., P.A., 2012 WL 253205, at *6 (S.D. Fla.) ("[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." (quoting Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011)) (intentional quotation marks omitted)); *See, e.g.*, Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1369 (M.D. Fla. 2002) (a collection letter which stated that "the consumer would incur 'substantial amounts of attorney fees and costs'" if a law suit was filed "is a false representation and misleading to the least sophisticated consumer" because such an outcome is not certain to occur); *See also* Gonzales, 660 F.3d 1055 at 1063

("[c]onditional language, particularly in the absence of any language clarifying or explaining the conditions, does not insulate a debt collector from liability.").

(d)    Section 1692g(a) of the FDCPA by, with respect to each of the Consumer Debts, failing to adequately inform Plaintiff of the rights, as well as how to exercise such rights, of which Plaintiff is entitled pursuant to 15 U.S.C. §1692g(a). With respect to §1692g(a)(1)-(5), merely quoting statutory language, whether in-full or in-part, does not adequately inform the consumer of the rights he or she is allotted, let alone the nuances involved in exercising such rights.

To satisfy the mandatory notice requirements of § 1692g(a)(1)-(5), "[a] debt collector must ensure that notice of the right to dispute the debt is actually conveyed to the consumer, and that the notice is conveyed effectively, [whereby,] [t]he effectiveness of the notice is based on an objective standard of the manner in which a "least sophisticated consumer" would interpret the notice." In re Martinez, 266 B.R. 523 (Bankr. S.D. Fla.); Russell v. Equifax A.R.S.,74 F.3d 30, 34 (2d Cir.1996) ('"the test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, every day, common consumer—understands the notice he or she receives.'"). Legislation must undoubtedly be drafted with sufficient specificity; however, the *vagueness doctrine* does not contemplate the *least sophisticated consumer*.

Section 1692g(a) was not crafted to protect only those individuals capable of interpreting it, as such woeful irony was not the legislature's intention.  *See* <u>DeCapri v. Law Offices of Shapiro Brown & Alt, L.L.P.</u>, 2014 WL 4699591 (E.D. Va. Sept. 19, 2014) (no requirement that a debt collector quote the language of § 1692g(a) verbatim; <u>Furth v. United Adjusters, Inc.</u>, 1983 U.S. Dist. LEXIS 20368 (D. Or. Nov. 17, 1983). Rather, the burden ensuring the consumer understands his or her rights is the burden of those whom are availing themselves to the FDCPA's governance, to wit, debt collectors. Moreover, it bears emphasis that the full breadth of §1692g(a), much like the rest of the FDCPA, is relative to the applicable jurisdiction's legislative interpretation thereof. More pointedly, there is no national consensus as to what § 1692g(a) mandates and/or how the rights contained there are to be exercised by consumers.

Most critically, to believe that the least sophisticated consumer has the ability to fully grasp the rights he or she is endowed under § 1692g(a) – simply by regurgitating the statutory language and/or language similar thereto in a collection letter – is not only ridiculous – but it also requires *two* sweeping assumptions: (1) the *least sophisticated consumer* is able to interpret language which is read differently by attorneys, judges, and courts alike; and (2) the *least sophisticated* consumer's interpretation of § 1692g(a) would be the interpretation utilized by our jurisdiction.

(e)   Section 1692f(1) by attempting to collect each of the Consumer Debts, by and through separate the separate Collection Letters, despite having no

lawful authority to seek the collection of such because each of the Consumer Debts were otherwise assigned and Plaintiff did not receive proper notice thereof. Section 559.715, Fla. Stat. requires Plaintiff to receive written notice of each of the Consumer Debts' assignment *at least* thirty (30) days *before* any collection activity of the Consumer Debt, whereby such notice is a condition precedent to the lawful collection of an assigned debt. Accordingly, Defendant engaged in unlawful collection activity, to wit, the Collection Letters, because Plaintiff did not receive written notice of assignment *at least* thirty (30) before receiving the each of the respective Collection Letters.

(f)     Section 1692f(1) by attempting to collect each of the Consumer Debts without having the express statutory and/or contractual right to do so, in that, Defendant was dispossessed of any lawful authority it may have had to collect the Consumer Debts when Defendant failed to comply with disclosure and/or notice requirements mandated by § 1692g(a) of the FDCPA. Put differently, lawful collection of the Consumer Debts is conditioned on, *inter alia*, Defendant adequately informing Plaintiff of all the rights described by § 1692g(a) of the FDCPA – and because Defendant failed to sufficiently comply with § 1692g(a) for each of the Consumer Debts – any attempt by Defendant to collect the Consumer Debts from Plaintiff constitutes an unlawful attempt to collect an amount from Plaintiff which Defendant has no authority to collect. Thus, by and through the Collection Letters, Defendant sought to collect an amount (the Consumer

Debts) from Plaintiff which Defendant did not have the authority to collect, as Defendant failed to fully comply with § 1692g(a) the FDCPA – and as a result – violated § 1692f(1) the FDCPA.

50.     As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and court costs.

**COUNT II.**
**VIOLATION OF THE FCCPA**

51.     Plaintiff incorporates by reference paragraphs 22-47 of this Complaint as though fully stated herein.

52.     In light of the forgoing, Defendant violated the FCCPA, to wit:

(a)     Fla. Stat. § 559.72(9) by attempting to collect each of the Consumer Debts, by and through the separate Collection Letters, despite having no lawful authority to seek the collection of such because each of the Consumer Debts were otherwise assigned and Plaintiff did not receive proper notice thereof. Section 559.715, Fla. Stat. requires Plaintiff to receive written notice of the each of the Consumer Debts' assignment *at least* thirty (30) days *before* any collection activity of the respective Consumer Debt, thereby making written notice is a condition precedent to the lawful collection of an assigned debt. Defendant knew the Consumer debts were assigned, yet, Defendant failed to provide timely notice of each debt's assignment. Thus, Defendant, knowingly engaged in unlawful collection activity, to wit, the Collection Letters, because Plaintiff did not receive written notice of each of the

Consumer Debts' assignment *at least* thirty (30) before receiving the respective Collection Letters.

(b)     Fla. Stat.  § 559.72(9) by attempting to collect the Consumer Debts, by and through the Collection Letters, despite having no lawful authority to seek the collection of such, whereby Defendant was dispossessed of any lawful authority it may have had to collect the Consumer Debts because Defendant failed to comply with disclosure/notice requirements mandated by § 1692g(a) of the FDCPA. Put differently, lawful collection of each Consumer Debt is conditioned on, *inter alia*, Defendant adequately informing Plaintiff of the rights described by § 1692g(a)(1)-(5) of the FDCPA – and because Defendant failed to sufficiently comply with § 1692g(a) for each of the Consumer Debts – any attempt by Defendant to collect any of the Consumer Debts from Plaintiff, e.g., by and though the Collection Letters, is unlawful and/or without authority. Moreover, Defendant cannot claim ignorance of the law because Defendant knew or should have known compliance with 15 U.S.C. § 1692g(a) is mandatory. Thus, by failing to provide such notice/disclosures to Plaintiff in conformance with 15 U.S.C. § 1692g(a), Defendant knew that, by and through the Collection Letters, it (Defendant) was unlawfully seeking to collect the Consumer Debts from Plaintiff.

(c)     Fla. Stat.  § 559.72(9) by attempting to collect a debt and/or assert a legal right it knew to be illegitimate and/or otherwise unlawful. In short, Defendant knowing engaged in unlawful conduct in attempting to collect

the Consumer Debts from Plaintiff, to wit, Defendant unlawfully displayed a QR Code on the envelope Defendant used to mail each of the Collection Letters in violation of §1692f(8) of the FDCPA. Accordingly, because full compliance with the FDCPA is necessary for Defendant to maintain lawful collection authority of applicable debt, Defendant knowingly sought the unlawful collection of each Consumer Debt from Plaintiff. <u>Kaplan v. Assetcare, Inc.</u>, 88 F.Supp.2d 1355, 1363 (S.D. Fla. 2000) (in determining what constitutes a misrepresentation of a legal right under §559.72(9) of the FCCPA, the court "must refer to other statutes that establish the legitimacy of a debt and define legal rights.").

53.     As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited to mental suffering, anguish, loss of income, and personal and/or financial credibility, whereby Plaintiff is entitled to relief for such, in addition to statutory damages, attorney's fee and costs.

## **DEMAND FOR JURY TRIAL**

54.     Plaintiff respectfully demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Consumer Debt.

(b)     Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Consumer Debt from Plaintiff.

(c)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)     Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(e)     Any other relief that this Court deems appropriate and just under the circumstances.

DATED: December 7, 2016

Respectfully Submitted,

 /s/ Jibrael S. Hindi                               .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

AND

 /s/ Thomas J. Patti                               .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:     954-543-1325
Fax:         954-507-9975

*COUNSEL FOR PLAINTIFF*